**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE READY CAPITAL CORP. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 1:25-cv-02274-PAE (Consolidated) [rel. 1:25-cv-01883-PAE] |

**JOINT STIPULATION AND ORDER STAYING**
**THE CONSOLIDATED ACTION**

Plaintiffs Jack Pittrof and Luc Vancampenhout (together, "Plaintiffs"), defendants Thomas E. Capasse ("Capasse"), Andrew Ahlborn ("Ahlborn"), Jack Jay Ross, Meredith Marshall, Dominique Mielle, Gilbert Nathan, J. Mitchell Reese, and Todd M. Sinai (the "Individual Defendants"), and nominal defendant Ready Capital Corporation ("Ready Capital" or the "Company" and, with the Individual Defendants, "Defendants," and with the Plaintiffs, the "Parties"), by and through their undersigned counsel, state as follows:

**WHEREAS**, on March 19, 2025, Plaintiff Jack Pittrof commenced a shareholder derivative action on behalf of Ready Capital, *Pittrof v. Capasse et al.*, Case No. 1:25-cv-02274-PAE (S.D.N.Y.) (the "*Pittrof* Action"), alleging, *inter alia*, that the Individual Defendants violated the federal securities laws, as well as state law, including breach of the fiduciary duties owed to the Company;

**WHEREAS**, on April 9, 2025, Plaintiff Luc Vancampenhout commenced a shareholder derivative action on behalf of Ready Capital, *Vancampenhout v. Capasse et al.*, Case No. 1:25-cv-02930-PAE (S.D.N.Y.) (the "*Vancampenhout* Action"), alleging, *inter alia*, that the Individual Defendants violated the federal securities laws, as well as state law, including breach of the fiduciary duties owed to the Company;

**WHEREAS**, on July 8, 2025, the Court entered an Order consolidating the *Pittrof* Action and the *Vancampenhout* Action in the above-captioned Consolidated Action;

**WHEREAS**, a related putative securities class action, filed on March 6, 2025, *In re Ready Capital Securities Litigation*, Case No. 1:25-cv-01883-PAE (S.D.N.Y.) (the "Securities Class Action"), is currently pending in this Court against Ready Capital and Individual Defendants Capasse and Ahlborn;

**WHEREAS**, there is substantial overlap in the facts and circumstances alleged in the Consolidated Action and those underlying the Securities Class Action, including the relevance of many of the same documents and witnesses, and several of the Individual Defendants in the Consolidated Action are also named as defendants in the Securities Class Action (the "Securities Class Action Defendants");

**WHEREAS**, the defendants in the Securities Class Action anticipate filing a motion to dismiss that action on November 10, 2025; and

**WHEREAS**, due to the substantial overlap of factual issues in the Consolidated Action and the Securities Class Action, Plaintiffs and Defendants have agreed that the Consolidated Action should be temporarily stayed on the terms set forth below to conserve the time, effort, and resources of the Court, counsel, and litigants until the earlier of: (1) the dismissal of the Securities Class Action with prejudice, and the exhaustion of all appeals thereto, or (2) the motion to dismiss the Securities Class Action is denied in full or in part.

**THEREFORE**, the Parties, through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, that:

1.      The Consolidated Action shall be stayed until the earlier of: (1) dismissal of the Securities Class Action with prejudice, and the exhaustion of all appeals thereto, or (2) denial, in full or in part, of the motion to dismiss the Securities Class Action.

2.      Defendants will promptly notify Plaintiffs' counsel of: (a) any shareholder

derivative action filed on behalf of Ready Capital which arises from substantially the same facts and circumstances, and asserts claims substantially similar to those asserted in the Consolidated Action ("Related Derivative Action"); (b) any demand that Ready Capital's Board of Directors investigate and/or pursue claims substantially similar to those asserted in the Consolidated Action ("Related Litigation Demand");  or (c) if any Related Derivative Action is not stayed on similar terms.

3.    In the event discovery in the Securities Class Action proceeds, Defendants shall provide Plaintiffs with copies of any documents produced, or written discovery responses served, in the Securities Class Action in the same form and manner as they were produced or served, including any agreements regarding the scope of discovery, and transcripts of depositions in the Securities Class Action, subject to an appropriate confidentiality agreement that permits Plaintiffs use of such discovery in the Consolidated Action subject to the other provisions of this Stipulation.

4.    Defendants will promptly produce to Plaintiffs any documents produced:  in any Related Derivative Action, subject to an appropriate confidentiality agreement that permits Plaintiffs to use such material in the Consolidated Action, subject to the other provisions of this Stipulation.

5.    The Parties agree that, if any Related Derivative Action is not stayed, Plaintiffs may move to lift the stay of this action upon seven (7) days' notice in writing to the undersigned Counsel for Defendants via email.

6.    The Parties agree that, notwithstanding this stay of this Consolidated Action, Plaintiffs may file an amended complaint incorporating documents produced to Plaintiffs, provided that such amended complaint is filed under seal to prevent public disclosure of the Company's confidential information; however, Defendants need not answer or otherwise respond

to any complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

7.    Upon the lifting of the stay, the Parties shall meet and confer and, within thirty (30) days, submit a proposed schedule to the Court.

8.    The Parties do not waive, and are not, waiving any rights, claims, arguments or defenses of any kind, and no part of this stipulation shall be construed as a waiver of any rights, claims, arguments, or defenses, including, without limitation, any argument that this action was brought in the incorrect forum.

**IT IS SO STIPULATED.**

DATED: September 5, 2025                    **RIGRODSKY LAW, P.A.**

*/s/ Timothy J. MacFall*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Tel. (516) 683-3516
Email: sdr@rl-legal.com
        tjm@rl-legal.com
        gms@rl-legal.com
        vl@rl-legal.com

**GAINEY McKENNA & EGLESTON**

*/s/ Gregory M. Egleston*
Gregory M. Egleston
Thomas J. McKenna
Christopher M. Brain
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel. (212) 983-1300
Fax. (212) 983-0383
Email: gegleston@gme-law.com
        tjmckenna@gme-law.com
        cbrain@gme-law.com

*Co-Lead Counsel for Plaintiffs*

**ALSTON & BIRD LLP**

*/s/ Elizabeth Gingold Clark*
Elizabeth Gingold Clark
90 Park Avenue
New York, NY 10016
Tel. (212) 210-9400
Email: elizabeth.clark@alston.com

Robert R. Long (*admitted Pro Hac Vice*)
Andrew T. Sumner (*admitted Pro Hac Vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Tel. (404) 881-7000
Email: robert.long@alston.com
Email: andrew.sumner@alston.com

*Counsel for Defendants and Nominal Defendant*

5

GRANTED IN PART.

The Court adopts and orders the above stipulation, subject to the following clarification.

Paragraph six of the stipulation provides, *inter alia*, that plaintiffs "may file an amended complaint incorporating documents produced to [them], provided that such amended complaint is filed under seal to prevent public disclosure of the Company's confidential information." For avoidance of doubt, if plaintiffs seek to file an amended complaint with redactions or otherwise under seal, plaintiffs must move the Court for such sealing, in accordance with the Court's Individual Rule 4(B). The Court will make the final determination as to whether, and/or to what extent, sealing is warranted.

SO ORDERED.

Date:  September 8, 2025
        New York, New York

Paul A. Engelmayer
United States District Judge